TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
GREGORY BERNSTEIN (Cal. Bar No. 299204)
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3183
        E-mail:    Gregory.Bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-800-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DENNIS JAMES SKIBINSKI |
| v. | |
| DENNIS JAMES DEFENDANT, | |
| Defendant. | |

## I.    Introduction

On July 7, 2021, defendant Dennis James Skibinski ("defendant") pled guilty pursuant to an agreement to count one of the indictment, which charged defendant with bank fraud, in violation of 18 U.S.C. § 1344. For the reasons that follow, the government recommends that the Court sentence defendant to a non-custodial sentence of three years of supervised release.

## II.   Relevant Background[1]

On May 17, 2014, from the Palos Verdes Post Office, Victim SL attempted to mail a package ("Package 1") containing two credits cards,

---

[1] The offense conduct is described in paragraphs 11 to 15 of the Presentence Report ("PSR") and paragraph 10 of the plea agreement.

one of which was an American Express ("Amex") credit card ending in 62006, to his brother, Victim FL ("Package 1"). That day, defendant, who was a supervisor for the United States Postal Service, and who worked at the Palos Verdes Post Office, stole the Amex card ending in 62006. The next day, on May 18, 2014, defendant used the stolen Amex card to make fraudulent purchases at Albertsons and Ralphs grocery stores for $125.85 and $204.26, then used Victim FL's stolen identity to sign the Albertsons receipt.

On September 15, 2014, also from the Palos Verdes Post Office, Victim PJ attempted to mail a package ("Package 2") containing a Bank of America ("BOA") credit card ending in 4439 to her son, Victim JJ. That day, defendant stole the BOA card ending in 4439. Two days later, on September 17, 2014, defendant used the stolen BOA card ending in 4439 to make a fraudulent purchase at CVS for $15.68.

On December 23, 2014, defendant waived his Miranda rights and voluntarily admitted to law enforcement that he stole credit cards, gift cards, and cash from the mail. Defendant admitted that he stole three credit cards, and that he stole gift cards and cash from greeting cards on about 50 occasions.

In total, from packages defendant removed from the mail without lawful authority, defendant stole at least $1,500 from more than 10 victims. By using his position as a supervisor for the United States Postal Service to steal credit cards, gift cards, and cash from the mail, defendant abused a position of public trust.

**III. Sentencing Guidelines Calculation**

The government, defendant, and probation officer agree that the guideline calculation is as follows:

Base offense level:                    7    2B1.1(a)(2)

2

| | | |
|---|---|---|
| Abuse of position of trust: | +2 | 3B1.3 |
| Acceptance of responsibility: | -2 | 3E1.1 |
| **Adjusted offense level:** | **7** | |

(Plea Agreement ¶ 12; PSR ¶¶ 21-31.)

Defendant has only one prior conviction on his record. In 2016, defendant pled guilty to elder abuse and was sentenced to 14 days in jail plus five years of probation, which expired in June 2021. (PSR ¶ 36.) The incident occurred when defendant's mother asked defendant to move out of her residence, leading to an altercation in which defendant punched his mother in the head. (Id.) Defendant is in Criminal History Category I and his guideline range is zero to six months in prison.

**IV.  Section 3553(a) Factors**

In addition to the advisory guideline range, the Court should base its judgment on the Section 3553(a) factors and impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the community. Gall v. United States, 552 U.S. 38, 49 (2007); United States v. Carty, 520 F.3d 984, 987 (9th Cir. 2008); 18 U.S.C. § 3353. The Section 3553(a) factors include, among other things, the nature and circumstances of the offense, the history and characteristics of the accused, the need to promote the enumerated goals of sentencing, and the need to avoid unwarranted disparities. Id.

Defendant abused his position as a postal supervisor and stole credit cards from the mail system he was entrusted to protect. With that said, there are mitigating factors in this case.

3

First, the offense occurred some time ago (in late 2014), and did not result in a significant financial loss.

Second, though defendant has been convicted of elder abuse since his commission of the instant offense, the PSR reflects that he also completed 52 anger management sessions and has been conviction free over the past five years. (PSR ¶¶ 36-38.)

Third, when confronted, defendant confessed both verbally and in writing, and in fact demonstrated a great deal of contrition at the time of his arrest. For instance, in his written confession defendant stated:

> I was having severe financial difficulties and was using the cards for groceries and the occasional bottle of alcohol . . . I hate myself for what I've done. I've lost the trust of my job as well as my family. I could only hope that I am allowed to apologize to those I affected. I understand the severity of my actions . . . I should go to court and face the penalties.

Finally, defendant suffered through a difficult upbringing. The PSR reflects that his mother and her boyfriends, often under the influence of drugs, physically abused defendant with switches and broomsticks, among other things. (PSR ¶¶ 43-48.) Considering the 3553(a) factors and the low guideline range, the Court should sentence defendant to a non-custodial sentence.

## V.   RESTITUTION

Amex and Bank of America, and not the cardholders, suffered the financial loss in this case. The government and the defendant have agreed that defendant should pay restitution as follows. The government will file a stipulated application and proposed restitution order in advance of sentencing.

**Bank of America**
PO Box 25118
Tampa, Florida 33622

Loss: $15.68

**American Express**
PO Box 5190
Pasadena, California 91117
Loss: $330.11

## VI.  CONCLUSION

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to a non-custodial sentence of three years of probation.

Dated: October 4, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Gregory Bernstein*
GREGORY BERNSTEIN
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA